COVINGTON, Judge:
Spencer G. Wall, the appellant, is appealing an opinion of the Louisiana State Civil Service Commission which denied his appeal from a decision of the Community Improvement Agency of New Orleans sustaining a determination by the appointing authority that his job performance for the period ending March 31, 1975 was rated “unsatis *230 factory” due to low production. We affirm the Commission’s opinion.
The appellant was one of several persons employed by the Community Improvement Agency of the City of New Orleans in a job classification of “Rehabilitation Counselor.” The Agency, generally known as the' “Urban Renewal Agency,” has as one of its principal duties the renovation and rehabilitation of neighborhood structures, particularly private homes. In order to carry out its responsibilities, the Agency developed a system whereby private homes were inspected so that the homeowners might qualify for loans for the improvement of their homes. Such inspections were made by Rehabilitation Counselors, one of whom was the appellant. Mr. Wall was assigned to the “Central City Field Office,” under the supervision of Joseph Putnam, the Project Officer.
In accordance with the Civil Service regulations (Rule 10.2) and Agency policy, Mr. Wall’s performance as an “employee” was evaluated periodically and he was given a “service rating,” as was all permanent employees who have worked 90 days or more in the particular position. The evaluation period in question ended on March 31, 1975. On April 3,1975, a letter of notification was sent to Mr. Wall informing him that:
“Your job performance for the period « ending March 31, 1975, has been determined unsatisfactory for the following reasons:
1. Your assignments were not completed in a timely manner.
2. Your work has been careless thereby resulting in frequent revisits on rehabilitation inspections.
3. You have expressed an extreme negative attitude toward your immediate supervisor and the Project Officer.
4. You have failed to follow direct orders given to you by your immediate supervisor or the Project Officer.
5. You have failed to properly document your time out of the office on the register provided for that purpose.
6. You have failed to keep appointments made with clients.
7. You have on occasion failed to follow the proper procedure for grievances.
8. Your work production does not meet the standards established by this Agency for your position.”
On May 2, 1975, the appellant gave proper notice of his appeal of the “unsatisfactory” service rating, and requested that a hearing be held. After administrative hearing, the Agency sustained the “unsatisfactory rating”, primarily on the basis of low work production.
At the hearing held on May 15, 1975, at which Francis P. Keevers served as the “Hearing Officer,” the work production of the appellant was compared with that of the other rehabilitation officers, and his work productivity was demonstrably lower than that of other employees who performed similar duties.
Subsequently, Mr. Wall appealed to the Louisiana Civil Service Commission. The Commission held hearings on April 6, 1976, to review the rating. On July 1, 1976, the Commission ruled that:
“As to the primary reason given for the unsatisfactory rating, and the only reason upheld in the agency administrative hearing, i. e. low production, the Commission finds the evidence convincing that its assignment was justified. As to the other reasons assigned for the unsatisfactory rating there was no evidence and those charges must fall.
“Accordingly, the appeal is denied and the unsatisfactory service rating stands.”
It is from this opinion that Mr. Wall has appealed.
We have carefully studied the record in this matter, including the transcript of the Commission’s hearing, so that we could review the facts, as well as the law, which the Louisiana Constitution of 1974 requires us to do. La.Const. of 1974, Art. 10, Section 12. We find that the facts amply support the opinion of the Commission and we find no error of law therein.
Our review of the evidence establishes that the appellant’s work production did not measure up to the agency’s standards. Jo *231 seph Putnam, the Project Officer, who was the appellant’s supervisor, testified that Mr. Wall’s work output or productivity was low. The appellant never managed to perform the standard of two (2) housing inspections and write-ups per week. Mr. Putnam wrote numerous memoranda to the appellant concerning the incompleteness of his work and his low productivity. Jesse A. Dupart, Director of Operations, who actually signed the notification letter to the appellant, also testified to counseling Mr. Wall with regard to his low work production, and efforts to assist Mr. Wall in bringing his work performance up to standard. The testimony of King S. Wells, Deputy Executive Director, was to the same effect. Francis P. Keevers, Executive Director, testified that based on the production records and the other evidence he upheld the unsatisfactory service rating. Statistics which showed Mr. Wall’s work production to be substantially lower than that of similarly classified employees were also introduced at the hearing.
The appellant offered the testimony of George Richard and Lucien P. Fernandez, two fellow employees, to the effect that one house inspection per week was a reasonable performance of the job. Mr. Richard indicated that two inspections per week was the “general average.” The appellant testified that of 97 cases in the office during the period in question he completed 26 new inspections and 15 reinspections. The agency’s records do not support the appellant’s “personal records” concerning this work period. He admitted that he did not do two inspections per week. The appellant also produced the testimony of several homeowners that the appellant had performed inspections of their homes in an efficient and helpful manner. John Armant, who had been Mr. Wall’s supervisor during a prior rating period, gave general testimony about the duties of rehabilitation inspectors. He had no knowledge of Mr. Wall’s performance during the rating period in question.
From the record it appears that the standards of performance were clearly established and were made known to Mr. Wall. On numerous occasions supervising personnel counseled with Mr. Wall in an attempt to improve his work output. He was fully advised that his work production was not up to standard. It appears that his fellow employees in comparable positions were much more productive. There is ample evidence to support the conclusion that Mr. Wall should be rated “unsatisfactory” due to below-standard work production. It is clearly established that Mr. Wall’s work production level was unsatisfactory.
Accordingly, we affirm the opinion of the Commission at appellant’s costs.
AFFIRMED.